MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| JORGE FREDY RAMIREZ SUAREZ and ENMANUEL ELIEZER PERALTA, *individually and on behalf of others similarly situated,*<br><br>                       *Plaintiffs,*<br><br>                   -against-<br><br>MOUNTAIN FARMS, INC. (d/b/a DELMONICO), PAUL PREVITI, and KYU OK HAN,<br><br>                       *Defendants.* | **COMPLAINT**<br><br>**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**<br><br>**ECF Case** |

-----------------------------------------------------------X

Jorge Fredy Ramirez Suarez and Enmanuel Eliezer Peralta (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Mountain Farms, Inc. (d/b/a Delmonico) ("Defendant Corporation"), Paul Previti, and Kyu Ok Han ("Individual Defendants") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are former employees of Defendants Mountain Farms, Inc. (d/b/a Delmonico), Paul Previti, and Kyu Ok Han.

2.     Delmonico is a Gourmet deli owned by Paul Previti and Kyu Ok Han located at 375 Lexington Avenue, New York, New York 10017.

3.     Upon information and belief, Defendants Paul Previti and Kyu Ok Han serve or have served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the gourmet deli.

4.    Plaintiffs are former employees of Defendants.

5.    Plaintiffs were employed as cleaners and food preparers.

6.    Plaintiffs regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that they worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs the minimum wage rate and overtime compensation for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.    Furthermore, Defendants repeatedly failed to pay Plaintiff Herrera wages on a timely basis.

10.  Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.  Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.  Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

13.   This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.   Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate the Gourmet Deli in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.   Plaintiff Jorge Fredy Ramirez Suarez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult residing in Bronx County, New York. Plaintiff Ramirez was employed by Defendants from approximately November 2012 until on or about March 12, 2018.

16.   Plaintiff Enmanuel Eliezer Peralta ("Plaintiff Peralta" or "Mr. Peralta") is an adult individual residing in Kings County, New York. Plaintiff Peralta was employed by Defendants from approximately June 2015 until on or about March 30, 2018.

### *Defendants*

17.   At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a Gourmet deli located at 375 Lexington Avenue, New York New York 10017 under the name "Delmonico".

18.   Upon information and belief, Mountain Farms Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 375 Lexington Avenue, New York New York 10017.

19.   Defendant Paul Previti is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Paul Previti is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation. Defendant Paul Previti possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. Defendant Paul Previti has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records and has the authority to hire and fire employees.

20.   Defendant Kyu Ok Han is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kyu Ok Han is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation. Defendant Kyu Ok Han possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. Defendant Kyu Ok Han has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.   Defendants operate a Gourmet deli located in the Midtown East section of Manhattan in New York City.

22.   Individual Defendants Paul Previti and Kyu Ok Han possess operational control over defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

23.   Defendants were associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

24.   Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25.   Defendants jointly employed Plaintiffs, and all similarly situated individuals, and were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

26.   In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

27.   Upon information and belief, individual defendants Paul Previti and Kyu Ok Han operate or operated defendant Corporation as either an alter ego of themselves and/or fail or failed to operate defendant Corporation as a legal entity separate and apart from themselves by, among other things:

a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

b)    defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c)    transferring assets and debts freely as between all Defendants;

d)    operating defendant Corporation for their own benefit as the sole or majority shareholders;

e)    operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f)    intermingling assets and debts of their own with defendant Corporation;

g)    diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

h)    other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

29. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30. In each year from 2012 to 2018, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Gourmet deli on a daily basis, such as eggplant and tomato, have been produced outside of the State of New York.

*Individual Plaintiffs*

32.  Plaintiffs are former employees of Defendants employed as cleaners and food preparers.

33.  Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jorge Fredy Ramirez Suarez*

34.  Plaintiff Ramirez was employed by Defendants from approximately November 2012 until on or about March 12, 2018.

35.  At all relevant times, Plaintiff Ramirez was ostensibly employed by Defendants as a food preparer.

36.  Plaintiff Ramirez regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

37.  Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

38.  Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

39.  From approximately November 2012 until on or about March 12, 2018, Plaintiff Ramirez worked from approximately 5:00 a.m. until on or about 4:00 p.m. five days a week (typically 55 hours per week).

40.  Throughout his employment, Plaintiff Ramirez was paid his wages in cash.

41.  From approximately November 2012 until on or about December 2013, defendants paid Plaintiff Ramirez a fixed salary of $470 per week.

7

42.  From approximately January 2014 until on or about December 2015, Defendants paid Plaintiff Ramirez a fixed salary of $500 per week.

43.  From approximately January 2016 until on or about November 2016, Defendants paid Plaintiff Ramirez $11 per hour.

44.  From approximately December 2016 until on or about September 2017, Defendants paid Plaintiff Ramirez $12 per hour.

45.  From approximately October 2017 until on or about March 12, 2018, Defendants paid Plaintiff Ramirez $13 per hour.

46.  Defendants did not provide Plaintiff Ramirez with accurate statements of wages with each payment of wages, as required by NYLL 195(3).

47.  Prior to March 2013, Plaintiff Ramirez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.  However, Defendants required Plaintiff Ramirez to sign a document which he was not allowed to review in detail to release his weekly pay. Further, the manager constantly edited the hours worked and illegally reduced them.

49.  Defendants never provided Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.  However, on one occasion, Defendants required Plaintiff Ramirez to sign a document the content of which he was not allowed to review in detail and was not provided a copy in English or Spanish.

51.  No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

52.  Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including ten shirts for the chef uniform, six pairs of shoes and twelve pants.

*Plaintiff Enmanuel Eliezer Peralta*

53.  Plaintiff Peralta was employed by Defendants from approximately June 2015 until on or about March 30, 2018.

54.  At all relevant times, Plaintiff Peralta was employed by Defendants as a cleaner.

55.  Plaintiff Peralta regularly handled goods in interstate commerce, such as cleaning supplies produced outside of the State of New York.

56.  Plaintiff Peralta's work duties required neither discretion nor independent judgment.

57.  Throughout his employment with Defendants, Plaintiff Peralta regularly worked in excess of 40 hours per week.

58.  From approximately June 2015 until on or about June 2016, Plaintiff Peralta worked from approximately 8:00 a.m. until on or about 8:30 p.m. to 9:30 p.m. five days a week (typically 62.5 to 67.5 hours per week).

59.  From approximately June 2015 until on or about June 2016, Plaintiff Peralta was paid his wages in cash.

60.  From approximately June 2015 until on or about June 2016, Defendants paid Plaintiff Peralta $9.25 per hour for 40 hours and $13.87 per hour for 17.5 overtime hours per week.

61.  From approximately June 2015 until on or about June 2016, Defendants did not provide Plaintiff Peralta with accurate statements of wages with each payment of wages, as required by NYLL 195(3).

62.  However, Defendants required Plaintiff Peralta to sign a document the contents of which he was not allowed to review in detail in order to release his weekly pay.

63.  From approximately June 2015 until on or about June 2016, Plaintiff Peralta was required to keep track of his time; however, the manager assistant punched his card out at 7:30 p.m. every day even though he stopped working at 8:30 p.m. to 9:30 p.m.

64.  Every now and then, even though Plaintiff Peralta was not classified as a tipped employee, Defendants required him to make some deliveries to help out the heavy influx of orders. However, Plaintiff Peralta was not allowed to keep the tips given by customers to him.

65.  Defendants never provided Plaintiff Peralta with a written notice, in English and in Spanish (Plaintiff Peralta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.  However, Defendants required Plaintiff Peralta to sign a document sometime in 2015 the content of which he did not understand, was not allowed to review in detail nor to keep a copy for his own records.

67.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff Peralta regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

68.  Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime compensation and spread of hours pay as required by federal and state laws.

69.  At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

70.  Plaintiffs were victims of Defendants' common policy and practices which violated their rights under the FLSA and New York Labor Law by, inter alia, not paying them the wages they were owed for the hours they worked.

71.  Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

72.  Defendants required Plaintiffs to provide their own tools for the job and refused to compensate them or reimburse them for these expenses.

73.  Defendants willfully disregarded and purposefully evaded accurate recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

74.  Plaintiffs were paid their wages in cash.

75.  Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.  Upon information and belief, these practices were done to disguise the actual number of hours Plaintiffs, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

77.  Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

78. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

81. Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons

who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

82.   At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

83.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

84.   Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

85.   Plaintiffs bring their New York Labor Law minimum wage, overtime, spread of hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

86. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

87.   There are questions of law and fact common to the Class including:

13

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay;

f)  Whether Defendants improperly deducted "shorts" from the Plaintiff's wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and,

h)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

88.  The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required accurate records. The job duties of the named Plaintiff have been typical of those of class members.

89.   The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

90.   The common questions of law and fact predominate over questions affecting only individual members.

91.      A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiff lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

92.   Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

93.   Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

94.   At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

95.   Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

96.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

98.   Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.   Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA OVERTIME PROVISIONS

101. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

102. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

103. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

104. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

105. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

106. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

107. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

108. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiffs (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE

## NEW YORK STATE LABOR LAW

110. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

111. Defendants, in violation of N.Y. Lab. Law § 190 et seq. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

112. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

113. Plaintiffs (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

114. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

115. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

116. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

117. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

118. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

119. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

120. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

121. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

122. Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 Class Members) with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

123. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

124. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

125. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

126. Defendants are liable to Plaintiffs in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

127. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

128. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as kitchen hats, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)  Designating this action as a collective action and Rule 23 class action authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)  Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (and the FLSA and Rule 23 class members);

(c)  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (and the FLSA and Rule 23 class members);

(d)  Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken

20

against wages;

(e)  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs (and the FLSA and Rule 23 class members);

(f)  Awarding Plaintiffs (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)  Awarding Plaintiffs (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)  Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 Class members);

(i)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 Class members);

(j)  Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 Class members), compensation, hours, wages; and any deductions or credits taken against wages;

(k)  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(l)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs and the FLSA and Rule 23 class members;

(m)    Awarding Plaintiffs (and the FLSA and Rule 23 class) members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)    Awarding Plaintiffs (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiffs (and the FLSA and Rule 23 Class Members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs (and the FLSA and Rule 23 class members) pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs (and the FLSA and Rule 23 class members) the expenses incurred in this action, including costs and attorney's fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
     June 12, 2018

                 MICHAEL FAILLACE & ASSOCIATES, P.C.

                 /s/ Michael Faillace
         By:   Michael A. Faillace [MF-8436]
              60 East 42nd Street, Suite 4510
              New York, New York 10165
              (212) 317-1200
              *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 1, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Jorge Fredy Ramirez Suarez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          Junio 1, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 27, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Enmanuel Eliezer Peralta

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     27 de Marzo del 2018

*Certified as a minority-owned business in the State of New York*